PRESTON P. REZAEE
Nevada Bar No. 10729
RYAN ALEXANDER
Nevada Bar No. 10845
THE FIRM, P.C.
200 East Charleston Blvd.
Las Vegas, NV 89104
Phone: (702) 222-3476
Fax: (702) 252-3476
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DOMINGO NAJERA, an Individual<br><br>Plaintiff,<br><br>v.<br><br>NEW LAS VEGAS COUNTRY CLUB, a Nevada Corporation, DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-891<br><br>**COMPLAINT**<br><br>**CAUSES OF ACTION:**<br>1) **Discrimination and Retaliation under 42 U.S.C. §2000e**<br>2) **Discrimination and Retaliation under NRS 613.330**<br>3) **Negligent Infliction of Emotional Distress**<br>4) **Negligent Hiring, Retention or Supervision** |

COMES NOW, Plaintiff DOMINGO NAJERA ("Plaintiff," "NAJERA"), by and through her attorney of record, Ryan Alexander, Esq. of the The Firm, P.C., as and for her complaint against Defendant NEW LAS VEGAS COUNTRY CLUB, a Nevada Corporation, DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive (hereinafter collectively referred to as "Defendant"), and hereby complain, allege and state as follows:

**PARTIES**

1. Plaintiff DOMINGO NAJERA is a resident of Clark County, Nevada and was an employee of Defendant NEW LAS VEGAS COUNTRY CLUB.

2. Defendant NEW LAS VEGAS COUNTRY CLUB is a Nevada Corporation doing business in Clark County, State of Nevada, under the trade name LAS VEGAS COUNTRY CLUB.

3. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendant hereinafter designated as DOES I through X, inclusive, and/or ROE CORPORATIONS I through X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

4. Upon information and belief, at all times pertinent, Defendant were agents, servants, employees or joint ventures of every other Defendant herein, and at all time mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other Defendants.

5. The Defendants are jointly and severally liable for each Defendant's actions.

## VENUE AND JURISDICTION

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 to redress the wrong done to them. Such action constituted discrimination on the basis of national origin and race discrimination and retaliation.

7. Plaintiff timely submitted charges of discrimination on the basis of sexual harassment to the United States Equal Rights Opportunity Commission (EEOC). The EEOC assumed jurisdiction over Plaintiff's jurisdiction over Plaintiff's charges pursuant to Title 42 United States Code § 2000 (e).

8. Plaintiff was issued a "notice of right to sue within 90 days" from the EEOC on or about April 11, 2014. (See *EEOC Notice of Right To Sue*, attached herein as Exhibit 1).

9. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000 (e).

10. This Court has supplemental jurisdiction over the remaining Claims for Relief.

11. Venue for all causes of action stated herein lies in the District of the State of Nevada pursuant to 28 U.S.C. § 1391 as the acts alleged as a basis for federal claims took place within the boundaries of that district.

**GENERAL ALLEGATIONS**

12. Plaintiff NAJERA is an adult Mexican, Hispanic male, and was an employee of Defendant NEW LAS VEGAS COUNTRY CLUB ("LVCC") until the incident at issue occurred.

13. The Defendants are employers within the State of Nevada and within the jurisdictional coverage of *Title VII of the Civil Rights Act*.

14. NAJERA was hired by LVCC in 2005.

15. LVCC supervisor Kent McCutcheon harassed and discriminated against NAJERA for his national origin, calling Mexicans, "dirty," "sub-human," "animals," "rats," and that "ignorant Mexicans can't read or write." These comments occurred weekly.

16. This harassment was reported to Ryan Shaw and to their union.

17. McCutcheon further made false accusations of theft and threats to terminate NAJERA; McCutcheon even went as far as telling other residents of LVCC and clients of NAJERA's private business activities about NAJERA's alleged immigration status. Further, McCutcheon told LVCC residents and NAJERA's private clients that NAJERA is "the enemy" due to his national origin and alleged immigration status. McCutcheon further singled out NAJERA to deny him vacation requests while granting others'.

18. The conditions of NAJERA'S employment were intolerable.

19. LVCC and its principals and managers intentionally created or had knowledge of the intolerable conditions and failed to remedy the situation.

20. Defendants, their agents' and employees' discriminatory and retaliatory conduct created a work environment extremely detrimental to Plaintiff's emotional and physical health, interfered with Plaintiff's work performance, and caused acute emotional distress.

21. Plaintiff suffered significant consequential and economic damages because of the retaliatory conduct.

22. The aforementioned acts and conduct by Defendants, their agents and employees were intentional, willful, wanton, malicious, and outrageous.

//
//

## FIRST CLAIM FOR RELIEF

### (Discrimination and Retaliation under 42 U.S.C. § 2000e)

23. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

24. The above discriminatory and retaliatory pattern and practice by defendant, its agents and employees violates *Title VII of the 1964 Civil Rights Act*, 42 U.S.C. § 2000e.

25. Plaintiff engaged in a protected activity, suffered an adverse employment action and there was a causal link between her activity and the employment decision.

26. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

## SECOND CLAIM FOR RELIEF

### (Discrimination and Retaliation under NRS 613.330)

27. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

28. The actions of Defendants, its agents and employees, violated the Nevada Revised Statutes 613.330.

29. As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation, all to Plaintiff's damage in an amount to be determined.

30. The acts theretofore complained of were intentionally done by Defendants and were done with malice and oppression, and, as a result, Plaintiff requests an award of punitive damages in an amount in excess in an amount to be determined.

## THIRD CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

31. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

32. The actions of Defendants, their agents and employees constitute negligent infliction of

emotional distress upon Plaintiff.

33. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

## FOURTH CLAIM FOR RELIEF

### (Negligent Hiring, Retention or Supervision)

34. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35. Defendant LVCC had a duty to properly supervise the employees.

36. The managing members of Defendants had the duty of assuring proper conduct by the employees under their direction and supervision.

37. Defendant breached their duty to supervise when the supervisors, including Kent McCutcheon, failed to take corrective action and proper arrangements for NAJERA.

38. As a direct and proximate result of Defendants' negligent supervision, NAJERA has suffered, and will continue to suffer, emotional distress and psychological trauma impairing her daily life, all to her damage.

39. Due to the Defendants' conduct, Plaintiff was forced to retain the law firm of THE FIRM, P.C. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

…

WHEREFORE, Plaintiff is entitled to judgment in her favor and against Defendants, jointly and severally, as follows:

1. For an award of past and future damages, including damages for past lost wages and benefits, anxiety, emotional distress, and suffering;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings under 42 U.S.C. § 2000e-5(k);
3. For interest thereon at the legal rate until paid in full;
4. For punitive and compensatory damages in an amount to be determined by this court; and

1   5. For such other and further relief as the Court may deem just and proper.

3   Dated this 6th of June, 2014.

THE FIRM, P.C.

_____
RYAN ALEXANDER
Nevada Bar No. 10845
*Attorney for Plaintiff*

# EXHIBIT 1

EEOC Form 161-B (11/09)  **U.S. Equal Employment Opportunity Commission**

## Notice of Right to Sue (Issued on Request)

| | |
|---|---|
| To: Domingo Najera<br>3517 Chelsea Globe St.<br>Las Vegas, NV 89122 | From: Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2013-00851 | Miguel Escobar, Investigator | (702) 388-5085 |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Amy Burkholder*
Amy Burkholder,
Local Office Director

APR 1 1 2014
(Date Mailed)

Enclosures(s)

cc:  Ryan Alexander          Howard E. Cole
     The Firm                Lewis Roca Rothgerber
     200 East Charleston Blvd.   3993 Howard Hughes Pkwy., Suite 600
     Las Vegas, NV 89104     Las Vegas, NV 89169

## DECLARATION OF RYAN ALEXANDER

I, Ryan Alexander, declare:

1. I am an attorney licensed to practice in the State of Nevada (Bar No. 10845) and am affiliated with The Firm, P.C., counsel of record for Plaintiff. The following is within my personal knowledge and if called as a witness I could and would competently testify thereto.

2. A true and correct copy of the Notice of Right to Sue is attached herein as Exhibit 1.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed this 6th of June, 2014, in Las Vegas, Nevada.

_____
Ryan Alexander